**Maria C. SERRANO, Plaintiff**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant.**

**Civil No. 03:07–CV–01299 (CFD)(TPS).**

United States District Court, D. Connecticut.

Jan. 20, 2009.

---

4. *Id.*

Charles A. Pirro, III, Pirro & Church, South Norwalk, CT, for Plaintiff.

Ann M. Nevins, U.S. Attorney's Office, Bridgeport, CT, for Defendant.

### ORDER

CHRISTOPHER DRONEY, District Judge.

Order approving and adopting the Magistrate Judge's Ruling and remanding the case.

### *MAGISTRATE JUDGE'S OPINION*

THOMAS P. SMITH, United States Magistrate Judge.

The plaintiff, Maria C. Serrano, brings this action pursuant to 42 U.S.C. § 405(g)

seeking review of a final decision of the Commissioner of Social Security denying her application for disability benefits. For the principal reasons set forth below, it is recommended that the case be reversed and remanded pursuant to sentence four of § 405(g) for further proceedings. 28 U.S.C. § 636(b)(1)(A).

The plaintiff, who is 47 years old, applied for disability benefits in September, 2004. At that time, she was diagnosed with Severe Major Depressive Disorder and Panic Disorder. (Tr. 149, 151). Her claim was denied initially and on reconsideration in 2005. (Tr. 17, 23A).

In October, 2005, the plaintiff was diagnosed with Schizoaffective Disorder, Depressive Disorder and Anxiety Disorder with panic attacks and agoraphobia. (Tr. 224). Thereafter, in March, 2006, she was diagnosed with Bipolar I Disorder with psychotic features. (Tr. 211).

Following the denial of benefits, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held in November, 2006. At the hearing, records relating the plaintiff's diagnoses in 2005 and 2006 were made a part of the administrative record. (Tr. 235–36). Thereafter, ALJ Ronald Thomas determined that the plaintiff was not disabled. He found, in relevant part, that she suffers from severe impairments of Major Depressive Disorder and Panic Disorder that do not meet or medically equal a listed impairment. He further found that the plaintiff has the residual functional capacity ("RFC") to perform a limited range of heavy work and could be supervised in a low stress environment, noting that she has mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or

pace and no episodes of decompensation. (Tr. 19–20).

The ALJ's decision became final on July 20, 2007, when the Appeals Council denied the plaintiff's request for review. (Tr. 4–6).

### A.

■ The ALJ erred in not considering the plaintiff's most recent diagnoses of Schizoaffective Disorder, Depressive Disorder, Anxiety Disorder and Bipolar I Disorder in 2005 and 2006 in evaluating the severity of her impairments at step two of the sequential evaluation process. Despite including evidence in the record relating to these diagnoses at the hearing, the ALJ addressed only the diagnoses as of 2004 of Major Depressive Disorder and Panic Disorder in his severity findings. As a result, the ALJ did not base his disability determination on the full extent of her mental illness.

■ At step two, the ALJ must determine whether a claimant has an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 404.1521(b). The claimant has a minimal burden at step two as the severity regulation is designed to eliminate only clearly insubstantial claims. *See Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995). An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. § 404.1508. The diagnoses in 2005 and 2006 established medically determinable mental impairments that the ALJ had an obligation to consider at step two.

The Commissioner argues that the ALJ's failure to address the plaintiff's subsequent mental health diagnoses at step two is harmless because he considered these diagnoses in assessing her RFC. This argument is unavailing. The ALJ's error at step two resulted in an incomplete evaluation of the plaintiff's mental impairments that adversely affected his entire analysis of her disability claim, particularly with respect to step three. As a result of the omission at step two, the ALJ could not have compared the plaintiff's mental impairments and the symptoms and functional effects caused by them to several relevant listings for purposes of establishing disability at step three, namely Listings 12.03 Schizophrenic, Paranoid and Other Psychotic Disorders, 12.04 Affective Disorders and 12.06 Anxiety Related Disorders, and there is no indication in his decision that he did so. Therefore, the ALJ's findings at step two are not supported by substantial evidence and the case must be remanded for a complete consideration of the plaintiff's mental impairments.

■ Additionally, the court notes that the ALJ failed to follow the framework established by the regulations for evaluating the severity of mental impairments at the second and third step of the sequential evaluation, which requires that the ALJ rate the degree of functional limitation in four categories: 1) activities of daily living; 2) social functioning; 3) concentration, persistence and pace; and 4) episodes of decompensation. 20 C.F.R. § 404.1520a; *Kohler v. Astrue,* 546 F.3d 260 (2d Cir. 2008). Although the ALJ noted the degree of functional limitation in the four specified areas, he did so in discussing the plaintiff's RFC and not in evaluating the severity of her impairments as required. On remand, this process must be properly applied and documented.

### B.

■ Had the ALJ evaluated the plaintiff's claim in light of her most recent

diagnoses and had he applied the proper framework for evaluating her mental impairments, the need for further development of the record would have become apparent. The record before the ALJ did not contain any assessments of the functional limitations caused by the plaintiff's mental impairments or the effects of her symptoms and treatment on her functioning from her treating psychiatrists in 2005 and 2006; the evidence added to the record relating to her subsequent diagnoses is largely limited to evaluations consisting of mental status exams and treatment plans. In addition, there are neither records nor an assessment from the plaintiff's psychiatrist as of the date of the hearing, Dr. Ginsberg, who the plaintiff at that time mentioned had prescribed her current medication regimen. In fact, the only assessments of the plaintiff's functional limitations contained in the record, on which the ALJ appears to have relied in rating the degree of her limitations, are a Mental Residual Functional Capacity Assessment and Psychiatric Review Technique completed in January, 2005, prior to the plaintiff's subsequent diagnoses in 2005 and 2006, which are primarily based on function reports completed by the plaintiff and her daughter in 2004. (Tr. 164–81). There is further no indication in the record that the ALJ attempted to obtain more current functional assessments. The ALJ therefore did not fulfill his affirmative duty to ensure a complete record. *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996) (ALJ has affirmative duty to develop record even in cases in which plaintiff is represented by counsel). In this case, current functional assessments based on the plaintiff's most recent diagnoses were particularly important in order to compare the degree of her functional limitations in the four categories described above accurately to the criteria of the relevant listings. On remand, the ALJ must attempt to develop the record accordingly. For purposes of remand, it is noted the plaintiff's attorney indicated at the hearing in requesting a twelve to eighteen month review of the plaintiff's case that her mental health may be improving as a result of a medication change. A current evaluation of the plaintiff's functioning will therefore be all the more necessary on remand.

### C.

It is by no means clear that the plaintiff is entitled to disability benefits; nevertheless, her case must be remanded so that her disability claim can be determined anew following full consideration of her mental impairments and their resulting limitations in view of as complete a record as possible. Accordingly, the plaintiff's motion for remand should be **GRANTED.** [Dkt. # 17]. The parties' competing motions for judgment should be denied. [Dkts. ## 17, 19]. Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut, this 12th day of January, 2009.